[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought in two counts by the plaintiff, a day care provider, against the defendant, Bonnie Cabaud, an investigator for the State of Connecticut Department of Children and Families (hereinafter referred to as DCF).
Count one alleges an unlawful disclosure of confidential information by the defendant to third parties in violation of General Statutes §17a-28.[1]
Count two is a count alleging the intentional infliction of emotional distress by the defendant upon the plaintiff in the course of her discussion with the plaintiff and in releasing confidential DCF information in the presence of third parties.
The defendant has denied the plaintiff's allegations and has interposed five special defenses to the first count, namely, waiver, consent (to disclosure) equitable estoppel, unclean hands, and qualified immunity.
As to the second count, the defendant also alleges the special defense of qualified immunity.
 FACTUAL BACKGROUND
In June of 1998, DCF received a telephone call on a line dedicated to reporting suspected child abuse or neglect. The call was in reference to suspected abuse at a day care center partially owned by the plaintiff. The plaintiff's father was the individual suspected of such abuse and was allegedly living with the plaintiff.
DCF determined that the allegation was substantiated and dispatched the defendant to investigate the day care center as to the suspected abuse.
The defendant requested Sandra Lok, an investigator for the Department CT Page 3964-c of Public Health, to accompany her in accordance with standard procedure.
What transpired after the arrival of the defendant and Lok at the day care center is hotly disputed by the parties and is a matter of credibility to be resolved by the court.
 DISCUSSION AND CONCLUSION
The court finds that the evidence presented by the defendant is far more credible than that of the plaintiff and the plaintiff's witnesses.
The court further finds the facts of the interview of the plaintiff conducted by the defendant and Sandra Lok were as follows.
The defendant asked the plaintiff on more than one occasion to speak to the plaintiff in private. The plaintiff refused and told the defendant that anything she (the defendant) had to say could be said in the presence of the plaintiff's partner, Elizabeth Ambrosetti and Ambrosetti's husband Charles. The defendant therefore did so.
The defendant told the plaintiff of her assignment to determine if there was any involvement of the plaintiff's father in the day care center. She informed the plaintiff that the sexual allegations against the father had been substantiated by DCF, as, indeed, they had.
Although the Ambrosettis' testimony claimed that the defendant's conduct was threatening and abusive, Sandra Lok testified that it was not and, on the contrary, was proper and professional. The court finds Lok's testimony credible and disbelieves that of the Ambrosettis.
The Ambrosettis also acknowledged that the plaintiff agreed not to allow her father access to the day care center. They also confirmed that the plaintiff was offered a private interview by the defendant.
 COUNT ONE
Because the court discredits the plaintiff's testimony it must find and does so find that the defendant did not violate General Statutes §17a-28 by an unauthorized disclosure of DCF records. The court finds that the plaintiff authorized such disclosure by telling the defendant to conduct her investigation in the presence of the Ambrosettis.
 COUNT TWO
CT Page 3964-d
As to the allegations of intentional infliction of emotional distress, the court finds that the defendant did not intentionally inflict emotional distress upon the plaintiff. The plaintiff's statements concerning her medical treatment that she visited a psychiatrist twelve times (in her deposition), and three times (in her court testimony), were in the opinion of the court, false. Exhibit D, the doctor's report, indicates that the plaintiff had only one visit to the psychiatrist, Dr. Zariphes.
The court need not discuss the requirements of each of the defendant's special defenses because the court finds that the plaintiff did not prove the allegations of her complaint. However, the court does find for the defendant on the special defenses of waiver and consent for the reasons stated above.
Judgment may enter for the defendant.
BY THE COURT
Freed, J.